UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOE BOHANNON,<br><br>                         Plaintiff,<br>v.<br><br>CITY OF MILWAUKEE,<br>EDWARD FLYNN, JASON MUCHA,<br>MICHAEL VAGNINI,<br>MATTHEW GADZALINSKI,<br>JEFFREY DOLLHOPF,<br>ERIN PERLEBERG, and UNKNOWN<br>MILWAUKEE POLICE OFFICERS,<br><br>                        Defendants. | Case No. 13-CV-1224-JPS<br><br><br><br><br>ORDER |

       As the Court previously discussed in its order on the defendants' motion for judgment on the pleadings, this case stems from an alleged strip search conducted on the plaintiff, Joe Bohannon ("Bohannon"). (*See* Docket #1, #29). Bohannon originally alleged that he was strip-searched by defendant Michael Vagnini ("Vagnini") (*see* Compl. ¶¶ 40–41) while defendant Matthew Gadzalinski ("Gadzalinski") stood by and did nothing (*see* Compl. ¶¶ 44–45). He also claimed that Vagnini, Gadzalinski, Jeffrey Dollhopf ("Dollhopf"), Erin Perleberg (now Erin Lelinski) ("Lelinski"), and other officers used excessive force against him. (Compl. ¶¶ 42–43). He, therefore, filed suit against those officers as well as the City of Milwaukee, Chief Edward Flynn ("Flynn"), and Jason Mucha ("Mucha"), the latter of whom supervised the officers at District 5 (when the Court refers to this group collectively, it will call them "the defendants").

       The matter now comes before the Court on the defendants' motion for summary judgment, together with various other motions to strike, compel,

and seal. The Court will address each in turn, in hopes of clarifying the state of this case prior to trial.

1.  MOTION FOR SUMMARY JUDGMENT

The Court begins by addressing the defendants' motion for summary judgment. (Docket #39).

 1.1 Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

However, in deciding whether there are any genuine issues of material fact, the Court must view the record in the light most favorable to Bohannon and draw all reasonable inferences in his favor. *Id.* at 255. The Court cannot weigh the evidence or decide which party's submissions and testimony are more believable. *Id.*

 1.2 Discussion

The best place to start discussing the defendants' motion for summary judgment is by setting out Bohannon's claims. Bohannon alleged six claims in his complaint:

> Count One: Unreasonable search and seizure in violation of 42 U.S.C. § 1983, against Vagnini (Compl. ¶¶ 40-41);
>
> Count Two: Excessive Force in violation of 42 U.S.C. § 1983, against Vagnini, Gadzalinski, Dollhopf, Lelinski, and the unknown officers (Compl. ¶¶ 42–43);

Count Three: Failure to intervene in violation of 42 U.S.C. § 1983, against Gadzalinski (Compl. ¶¶ 44-45);

Count Four: Conspiracy to deprive the plaintiff of his constitutional rights in violation of 42 U.S.C. § 1983, against Vagnini, Gadzalinski, Dollhopf, Lelinski, and the unknown officers (Compl. ¶¶ 46-52);

Count Five: Municipal liability in violation of 42 U.S.C. § 1983, and pursuant to Monell v. Dep't of Social Services, 436 U.S. 658 (1978), against the City (Compl. ¶¶ 53-62);

Count Six: Supervisory liability in violation of 42 U.S.C. § 1983, against Flynn and Mucha (Compl. ¶¶ 63-66); and

Count Seven: Indemnification, pursuant to Wis. Stat. § 895.46, such that the City must pay any tort judgment for which its employees (here, Vagnini, Flynn, Mucha, Gadzalinski, Dollhopf, Lelinski, and the unknown officers) are responsible (Compl. ¶¶ 67–69).

The defendants have moved for summary judgment on those claims in the following respects. First, asserting that all claims against Flynn, Mucha, Dollhopf, and Lelinski, must be dismissed, because they were not present during the time of the events in question. (Docket #47 at 19). Second and third, asserting that the conspiracy claim should be dismissed on the basis of lack of participation and qualified immunity. (Docket #47 at 20–23). Fourth and fifth, asserting that the failure to intervene claim against Gadzalinski must be dismissed because he did not observe the alleged search and is also entitled to qualified immunity. (Docket #47 at 24–25). Sixth, asserting that the plaintiff cannot support his *Monell* claims against the City of Milwaukee. (Docket #47, 25–36).

Bohannon agreed to dismiss a number of his claims, thus mooting the defendants' arguments on those points. The Court will note that fact where

appropriate, and will dismiss those claims. On all the remaining claims, summary judgment is wholly inappropriate. Thus, this case will proceed to trial as scheduled.

### 1.2.1 Claims Against Flynn, Mucha, Dollhopf, and Lelinski

The defendants request that the claims against Flynn, Mucha, Dollhopf, and Lelinski be dismissed for various reasons. The Court will address each in turn.

#### 1.2.1.1 Flynn and Mucha

The defendants' argument that the claims against Flynn and Mucha must be dismissed fails. Not only is it wholly unsupported by *any* citations to case law or the record, it also seems both to fundamentally misunderstand Bohannon's claim against Flynn and Mucha and to have totally ignored the Court's discussion on the topic in its order on the defendants' motion for judgment on the pleadings.

The failure to support their argument, alone, is fatal to the argument. *See, e.g.*, *Jordan v. Binns*, 712 F.3d 1123, 1134 (7th Cir. 2013) (undeveloped arguments are waived).

Moreover, while Flynn and Mucha were not actually involved in the stop, that is not the issue, here. Rather, the issue is whether Flynn and Mucha knew about the conduct and facilitated, condoned, or turned a blind eye to it, so as to be subject to supervisory liability under 42 U.S.C. § 1983, as described in *Backes v. Village of Peoria Heights, Ill.*, 662 F.3d 866, 869–70 (7th Cir. 2011), and *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Under those cases, if Flynn and Mucha knew about Vagnini's conduct and somehow facilitated, condoned, or turned a blind eye to it, then they may be liable. Given the number of serious allegations against officers in District 5 and the fact that the pattern was allowed to continue for a substantial period

of time (*e.g.* PPFF ¶¶ 87–122), the Court may draw the reasonable inference that Flynn and Mucha were aware of the troubling conduct and did nothing to stop it. Perhaps the evidence at trial will show something different, but dismissal of the claims against Flynn and Mucha would be inappropriate on summary judgment.

The Court will, therefore, deny this portion of the defendants' motion for summary judgment.

### 1.2.1.2 Dollhopf

Bohannon has agreed to dismiss his excessive force claim against Dollhopf. (He has also agreed to dismiss his conspiracy claim against Dollhopf, as the Court will discuss further in a moment, meaning that Dollhopf may be dismissed from this case entirely.) Accordingly, the Court will dismiss the excessive force claim against Dollhopf with prejudice.[1] The Court will deny the defendants' motion for summary judgment on this issue as moot.

### 1.2.1.3 Lelinski

The defendants' argument that Lelinski should be dismissed is not adequately supported and therefore is waived. *E.g.*, *Jordan*, 712 F.3d at 1134. Moreover, there are disputed facts as to her participation in the alleged excessive force incident. Therefore, summary judgment is inappropriate as against her, and the Court must deny the defendants' motion for summary judgment on the claim against her.

### 1.2.2 Conspiracy Claims

Bohannon has agreed to dismiss his conspiracy claims as against all of the defendants. (Docket #50 at 2 n.1). Accordingly, the Court will dismiss

---

[1] Given the late stage of the proceedings, any dismissals are with prejudice.

those claims and will deny as moot the defendants' motion for summary judgment in this regard.

### 1.2.3 Failure to Intervene Claims Against Gadzalinski

Bohannon has agreed to dismiss his failure to intervene claim as against Gadzalinski. (Docket #50 at 2 n.1). Accordingly, the Court will dismiss this claim and will deny as moot the defendants' motion for summary judgment in this regard.

### 1.2.4 *Monell* Claims Against City

There is evidence that substantial numbers of strip search complaints were levied against officers in District 5 and that those complaints were routinely found to be without merit (*e.g.* PPFF ¶¶ 87–122); later, there were criminal prosecutions related to such incidents (*e.g.*, PPFF ¶¶ 133–159). On that basis alone, the Court may draw the reasonable inference that the City had a *de facto* policy of ignoring claims of misconduct and/or failing to train, supervise, and discipline its officers, which would support *Monell* liability. *See, e.g.*, *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

This will be a major point of contention at trial—the City cannot be liable unless that policy "although not authorized by written law and express policy, is so permanent and well-settled as to constitute a 'custom or usage' with the force of law." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (citing *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995)). But that is an evidence-dependent finding, not one appropriate for summary judgment.

For these reasons, the Court is obliged to deny the defendants' motion for summary judgment in this respect.

### 1.3 Conclusion Regarding Summary Judgment

In sum, the only claims that should be dismissed are those that the plaintiff has agreed to dismiss. The remaining questions are so fact-

dependent (and the facts are so much in dispute) that summary judgment is inappropriate. The Court, accordingly, must deny the defendants' motion for summary judgment in full (in part as being moot and in part as simply inappropriate on the record). This case must go to trial.

2.   MOTIONS TO STRIKE

The defendants have moved to strike Bohannon's expert report. (Docket #73). However, the Court did not rely on that report in reaching a decision on the defendants' motion for summary judgment. Accordingly, the Court need not strike the report at this time. Nonetheless, the Court will hold the motion in abeyance pending a response from Bohannon and a reply from the defendants. At this point, the motion to strike the expert functions similarly to a motion *in limine*. If the Court decides that it should strike the expert report, then the expert's testimony at trial would be inappropriate. It is, therefore, best to reserve ruling on this issue pending further briefing from the parties.

3.   MOTION TO COMPEL

Bohannon has filed a motion to compel Vagnini and Mucha to answer questions about psychological treatment. (Docket #59). That motion is not fully briefed, so the Court will hold it in abeyance until it has received all of the parties' brief on the topic.

However, the Court must point out that the briefing seemingly may not be complete until the eve of trial; if the parties wish to have this issue decided before trial, they should either reach an agreement on the topic or submit their briefs hastily to enable the Court to make a pretrial ruling.

4.   MOTIONS TO SEAL

Finally, the Court must address the outstanding motions to seal. (Docket #49, #58, #61). The Court will grant those motions. The parties have

done a good job of redacting the limited portions of their submitted materials that include sensitive information. Accordingly, the Court will grant their motions to seal.

5.   CONCLUSION

In sum, the Court must deny the defendants' motion for summary judgment. There are significant issues that remain for trial.

The motion to strike Venable's expert remains outstanding, essentially as a motion *in limine*, and the Court awaits further briefing from the parties on that issue. Likewise, the Court will address the outstanding motion to compel after receiving additional briefing from the parties.

The Court closes by admonishing the parties to *work together* in preparation for trial. The trial date is just around the corner, and there is much to be done in the interim.

Accordingly,

IT IS ORDERED that, in accordance with the plaintiff's statement of dismissal (Docket #50 at 2 n.1) and Rule 41(a)(1)(A)(2) of the Federal Rules of Civil Procedure, Bohannon's claims against defendant Dollhopf, his conspiracy claims against all defendants, and his failure to intervene claim against defendant Gadzalinski, be and the same are hereby DISMISSED with prejudice;

IT IS FURTHER ORDERED that, for the reasons discussed above, the defendants' motion for summary judgment (Docket #38) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the defendants' motion to strike Bohannon's expert (Docket #73) be and the same is hereby HELD IN ABEYANCE pending further briefing from the parties;

IT IS FURTHER ORDERED that Bohannon's motion to compel (Docket #59) be and the same is hereby HELD IN ABEYANCE pending further briefing from the parties; and

IT IS FURTHER ORDERED that the parties' outstanding motions to seal (Docket #49, #58, #61) be and the same are hereby GRANTED.

Dated at Milwaukee, Wisconsin, this 14th day of August, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge